UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE IVES, et al.,<br><br>　　　　Defendants. | Case No.  14-mc-80332-BLF<br><br>**ORDER DENYING LEAVE TO FILE COMPLAINT**<br><br>Re: ECF 1 |

　　　Plaintiff Kuang-Bao P. Ou-Young has been declared a vexatious litigant who must obtain leave of court before "filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. §2671 *et seq.*, involving parties that he named in" certain lawsuits he previously filed in this court. *See* Order Granting United States' Motion to Dismiss and Declaring Plaintiff a Vexatious Litigant ("Vexatious Litigant Order"), ECF 40 in Case No. 3:13-cv-04442-EMC.

　　　Plaintiff's current complaint does not involve any defendants named in the five suits outlined by Judge Chen in the Vexatious Litigant Order. Plaintiff's complaint does, however, allege two causes of action under 18 U.S.C. § 1512(b) and §1512(c). This Court reviews Plaintiff's proposed complaint to determine "whether Plaintiff has stated a potentially cognizable claim in a short, intelligible and plain statement." ECF 40 in Case No. 3:13-cv-04442-EMC at 17.

　　　Plaintiff has failed to do so. Plaintiff's two proposed claims, "fabrication" and "intimidation," are brought only pursuant to a criminal statute, 18 U.S.C. § 1512. Section 1512 is a federal criminal statute designed to prevent witness tampering that "makes it a crime for anyone to, among other things, intentionally threated or intimidate another person in order to influence or

prevent another person from testifying at an official proceeding." *Roberts v. Choate Const. Co.*, 2011 WL 5006469, at *3 (M.D. Fla. Oct. 20, 2011). The statute includes no language that implies a private right of action. *See Ou-Young v. Vasquez*, 2013 WL 2558102, at *5 (N.D. Cal. June 10, 2013) (a case involving this same plaintiff in which the court found that § 1512(b) and § 1512(c) did not confer a private right of action); *see also Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) (finding that a plaintiff did not have a private right of action under § 1512).

Because neither § 1512(b) nor § 1512(c) confers a private right of action, and because Plaintiff seeks only to assert claims based on these two statutes, the Court finds that the instant complaint falls within the scope of pleadings barred by Judge Chen's pre-filing order. *Cf.* Order Denying Leave to File Complaints, ECF 2 in Case No. 14-mc-80214-EJD at 2 (denying this plaintiff leave to file complaints where no cognizable claim exists). As such, the Court DENIES leave to file the complaint.

**IT IS SO ORDERED.**

Dated: December 9, 2014

_____
BETH LABSON FREEMAN
United States District Judge

2